UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON A. LONG

                                        Plaintiffs,

v.                                                     Civil Action No. _____

NORTHSTAR LOCATION SERVICES, LLC,

                                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Sharon A. Long is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Northstar Location Services, LLC, (hereinafter "Northstar") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff, Sharon A. Long, incurred a credit card debt to Bank of America. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by Bank of America to collect on the subject debt.

13. That in or about February or March, 2010, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect the subject debt. On average daily, Plaintiff would receive eight calls to her home phone and four to five calls on her cellular phone, leaving multiple messages and voice mails.

14. That in or about March, 2010, Defendant first contacted Joshua J. Long, Plaintiff's son. Defendant asked to speak with Sharon Long, and Joshua Long explained that he was not Sharon Long and requested that Defendant not call him. Thereafter Joshua Long terminated the conversation.

15. That in or about March, 2010, Defendant contacted Joshua J. Long for a second time, roughly two minutes after the first call reiterated in Paragraph 14. Defendant again asked for Sharon A. Long, and Joshua J. Long explained to the same Defendant representative, that he was not Sharon A. Long, and requested that Defendant stop calling, specifically referencing Defendant's earlier call. Defendant representative stated that Defendant would continue to call him because he was Sharon A. Long's son, and that Defendant needed to get a message to Sharon Long. Joshua J. Long again stated that he was not Sharon Long and told Defendant to stop contacting him. Thereafter the conversation was terminated.

16. That in or about March, 2010, Defendant contacted Joshua J. Long for the third time in one day. Joshua J. Long again stated he did not want Defendant to contact him and referenced the earlier phone calls. Joshua J. Long then terminated the conversation.

17. During the time period from approximately March, 2010 to April 2010, approximately 12 voice mail messages were left on the answering machine of Plaintiff Sharon A. Long's

home telephone and cellular telephone. During those messages, Defendant states the following:

    A. Defendant states that they are calling from the "prelegal offices of Northstar Companies."
    B. Defendant states that the "file has been placed in my office for final review."
    C. Defendant states that they are "placing final recommendation" on Plaintiff's behalf.
    D. Defendant states that they are doing a "final review of (Plaintiff's) credit."
    E. Defendant states that they are calling regarding a "prelegal matter with Bank of America."
    F. Defendant states that "on Monday, March 22 this matter will move forward."
    G. Defendant states, "employment verification will be taking place this afternoon through fax with or without your knowledge or consent."
    H. Defendant states that "this matter is now time sensitive" and that Plaintiff needs to "have your legal representation contact us."
    I. Defendant states that they are "calling under requirements of federal laws pertaining to a pending prelegal matter that was filed with our office as of March 3rd" and that "this is in accordance with federal laws that we are collecting a debt."

Plaintiff Sharon A Long understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property, including garnishment of wages, unless she submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

18. During the time period from approximately March, 2010 to April 2010, approximately 2 voice mail messages were left on the voice mail messaging service of Joshua J. Long's cellular telephone when Defendant knew that said telephone number was not the telephone number of the debtor, Plaintiff Sharon A. Long. During those messages, Defendant states the following:

    A. After stating Plaintiff Sharon A. Long's name, Defendant representative states, "I need to speak with yourself or your attorney."
    B. "This message is only intended for Sharon Long. This is Mr. Clough calling with the prelegal office of Northstar Services. I am calling under the requirements of federal laws pertaining to a pending prelegal matter that was filed with our offices as of March 3rd...I need a response no later that 4:00 p.m. eastern standard time."

3

Plaintiff Sharon A. Long understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff, Sharon A Long, or her property, including garnishment of wages, unless she submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

19. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

20. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by causing Plaintiff Sharon A. Long's telephone to ring repeatedly. The natural consequence of such action was to harass, oppress, and abuse the Plaintiffs.

   B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), §1692e(8), §1692e(9), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692e(13) by making the threatening and misleading statements in the aforementioned messages as reiterated in Paragraphs 17 and 18 of this Complaint. Plaintiffs understood Defendant's aforementioned statements, and the "least sophisticated consumer," as that term is defined by law, would have understood said statements to imply that Defendant had/would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. Said action by Defendant was false, misleading, and deceptive in an attempt to collect the subject debt, when Defendant had neither the intent nor legal authority to take such action.

   C. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692c(b) by disclosing to Joshua J. Long that Plaintiff Sharon A. Long owed a debt, by communicating with Joshua J. Long concerning the debt of Plaintiff Sharon A. Long, and by contacting a third party for any other reason than to confirm or correct location information.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

4

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: May 19, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
kirving@kennethhiller.com